IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAZILIA AMISIAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  C.A. No. 08-402-UNA |
| | ) |
| PERDUE FARMS, Incorporated, a | ) |
| Maryland Corporation, | ) |
| | ) |
| Defendant. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8, Defendant Perdue Farms, Incorporated ("Perdue"), states its answer, general and specific denials, and affirmative defenses to Plaintiff's Complaint.

## FIRST DEFENSE

Admitted that Defendant Perdue is a Maryland corporation registered to do business in Delaware at 255 North Rehoboth Boulevard, Milford Delaware 19801. It is further admitted that Defendant was served with Plaintiff's Complaint through its authorized agent, located at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Defendant believes and therefore admits, upon information and belief, that Plaintiff is a resident of the State of Delaware, residing at 805B Moyer Circle East, Milford, Delaware 19963.

Admitted that Plaintiff purports to bring this action pursuant to the laws of the United States of America, 29 U.S.C. § 26410-12 and 29 U.S.C. § 1166(a)(2). Defendant further admits that, in August 2006, it was a "covered employer" as defined by the Family and Medical Leave Act ("FMLA"), at 29 U.S.C. § 2611(4). It is denied that there is any factual or legal merit to Plaintiff's allegations.

Admitted that Plaintiff was employed with Defendant at its Milford, Delaware facility until she was terminated in August 2006. Defendant denies that Plaintiff was hired on July 8, 1986 but, by way of further answer, states that, upon information and belief, Defendant hired Plaintiff in June 1986. Defendant believes and therefore admits upon information and belief, that Plaintiff was involved in an automobile accident on or about August 15, 2006, and that, subsequent to that accident, she sought medical treatment at the Perdue Wellness Center, where she saw Tammy Russum, R.N.

Defendant also admits that Plaintiff supplied the Perdue Wellness Center with evidence of her visit to Richard DuShuttle, M.D. and that Plaintiff visited the Wellness Center on August 28, 2006. Defendant admits that Plaintiff presented a note from Dr. DuShuttle, which stated that Plaintiff should not work for three weeks pending reevaluation. By way of further answer, on August 28, 2006, Plaintiff was released to return to work without restriction. When she did not return to work, her employment was terminated.

Defendant specifically denies that it violated the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §§ 2601-54 ("FMLA"), including the allegation that Defendant illegally terminated Plaintiff. Defendant further denies that any unpaid wages, benefits, damages, attorney's fees, or costs are due.

Defendant likewise denies that it violated the Consolidated Omnibus Budget Reconciliation Act of 1985, 29 U.S.C. § 621-34 ("COBRA"), including the allegation that Defendant failed to provide timely notice of the occurrence of a qualifying event as that term is therein defined. It is further denied that Defendant denied Plaintiff access to continuation health-care coverage or that it is liable to Plaintiff in any respect for civil penalties, attorney's fees, or costs, or in any other respect.

Defendant denies that it committed any wrongful act and that any legal, equitable, or other relief of any kind is due Plaintiff.

### SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiff's claims are barred in whole or in part by her failure to exhaust administrative and contractual remedies or other applicable contractual or state or federal statutes of limitation, jurisdictional or administrative requirements.

### FOURTH DEFENSE

Plaintiff's claims fail in whole or in part because at all times Defendant made a good-faith effort to comply with applicable law and acted lawfully and with legitimate, non-discriminatory business reasons that were not a pretext.

### FIFTH DEFENSE

Defendant reserves the right to assert that some or all of Plaintiff's claims are barred by the applicable limitations period or were not otherwise brought in a timely manner.

### SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part by her failure to mitigate damages.

### SEVENTH DEFENSE

Defendant reserves the right to assert additional affirmative defenses as they become known during the course of discovery.

WHEREFORE, Defendant respectfully requests that, having answered Plaintiff's Complaint, judgment be entered against Plaintiff, with prejudice, as to each of Plaintiff's claims, and that Defendant be awarded its costs and reasonable attorney's fees and allow Defendant such other and further relief as the Court may deem just and proper in this case.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Margaret M. DiBianca*
Scott A. Holt, Esquire (No. 3399)
Margaret M. DiBianca, Esquire (No. 4539)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19899-0391
Telephone: (302) 571-5008
Facsimile: (302) 576-3476
E-mail:  mdibianca@ycst.com
*Attorneys for Defendant*

DATED:  July 22, 2008